UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MANEGABE ALLY,<br><br>                    Petitioner,<br><br>    vs.<br><br>ALEJANDRO REYES, Warden, Mike Durfee State Prison,<br><br>                    Respondent. | 4:24-CV-04139-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO COMPEL, AND GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION |

Petitioner, Manegabe Ally, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2254. Docket 1. Ally also moved to compel his former defense counsel to provide him copies of his case files. Docket 11. Respondent moved to dismiss Ally's petition. Docket 18. Magistrate Judge Veronica Duffy issued a report recommending that Ally's motion to compel be denied[1] and that his petition be dismissed with prejudice. Docket 26 at 53. Ally filed objections to the report and recommendation. Docket 27. The government did not file objections to the report and recommendation.

---

[1] Ally did not object to the report and recommendation's conclusion that Ally's motion to compel should be denied. See Docket 27. The report recommended denying Ally's motion because Ally failed to show good cause. Docket 27 at 16-17 (citing Rule 6(a) of the Rules Governing 28 U.S.C. § 2254 Cases, which requires habeas petitioners to show good cause if they wish to obtain discovery). Because the court agrees that Ally has failed to show good cause, his motion to compel (Docket 11) is denied.

**REVIEW OF REPORT AND RECOMMENDATION**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Magistrate Judge Duffy provided a full factual background in her report and recommendation and thoroughly reviewed Ally's claims, the evidence submitted, and the governing law. *See* Docket 26. After reviewing this matter de novo and reviewing the underlying records from Ally's state criminal and habeas cases,[2] the court concludes that the magistrate judge's findings, conclusions, and recommendations are sound.

In his objections to the magistrate judge's report, Ally restates his previous arguments that his trial counsel—Traci Smith and Kenneth Jacobs—provided ineffective assistance of counsel. *See* Docket 27. Specifically, Ally realleges that his counsel were ineffective because they failed to (1) present all three videos of his interviews with Detective Carda to the jury; (2) recall defense

---

[2] There are five cases pertaining to Ally's habeas petition: *State v. Ally*, Minnehaha County File No. 49CR112-8143; *Ally v. Young*, Minnehaha County File No. 49CIV16-824; *State v. Ally*, S.D. Sup. Ct. File No. 27202; *Ally v. Fluke*, S.D. Sup. Ct. File No. 29768; and *Ally v. Young*, S.D. Sup. Ct. File No. 29790.

2

expert, Dr. Ophoven, for surrebuttal and ask clarifying questions on redirect; (3) properly characterize the defense's theory of the case; and (4) disclose a video to the government that defense expert, Dr. Van Ee, relied upon in forming his opinion. *Id.* at 1-9. Ally again argues that the cumulative effect of these four errors constituted ineffective assistance of counsel. *Id.* at 10-11. Ally also reasserts that the South Dakota Supreme Court made unreasonable factual determinations and that there was insufficient evidence to support his manslaughter convictions. *Id.* at 12-14.

  Based on its comprehensive review, the court concludes Ally's objections are without merit. The court need not review these objections in detail because they are merely reiterations of his previous arguments and contentions, all of which were thoughtfully considered and rejected by the magistrate judge. Ally's contentions in the § 2254 motion and his objections to the report and recommendation do not support the conclusion that the South Dakota Supreme Court unreasonably determined the facts or incorrectly applied the standards of *Strickland v. Washington*. As such, Ally would not be entitled to relief under the stringent standards of 28 U.S.C. § 2254. Further, the court agrees with the magistrate judge that Dr. Snell's testimony provides sufficient evidence for a reasonable jury to find Ally guilty of manslaughter. *See* Docket 26 at 52-53.

  Ally does raise two new arguments in his objections to the magistrate judge's report. *See* Docket 27 at 4, 8. First, he argues that his counsel provided ineffective assistance because they violated his Sixth Amendment right to

3

confront witnesses when his trial counsel failed to recall Dr. Ophoven on surrebuttal to impeach the testimony of the State's expert, Dr. Snell. *Id.* at 4. Second, Ally argues that his counsel violated *Brady* by failing to turn over a video to the government that Dr. Van Ee relied upon in forming his expert opinion. *Id.* at 8. But "a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review." *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (citation omitted); *see also Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) ("A party cannot, in his objections to [the report and recommendation], raise arguments that were not clearly presented to the magistrate judge."). Because these two arguments, while part and parcel of Ally's ineffective assistance of counsel claims, were not raised before the magistrate judge, *see* Dockets 1, 17, 23, the court need not address them now.

Even if the court were to decide the merits of Ally's new arguments, however, he would not be entitled to relief because his constitutional rights were not violated. *Brady* requires that "evidence must have been suppressed by the State." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Thus, defense counsel's failure to turn over a video relied upon by their expert witness cannot constitute a *Brady* violation. Similarly, defense counsel's failure to call their expert witness on surrebuttal does not constitute a violation of Ally's right to confrontation under the Sixth Amendment. "The Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe

4

and expose infirmities through cross-examination." *United States v. Sigillito*, 759 F.3d 913, 937-38 (8th Cir. 2014) (cleaned up and citation omitted). Ally's defense counsel had ample opportunity to cross-examine Dr. Snell and put on their own evidence through their expert witnesses to contradict his testimony. *See* Docket 26 at 10-11 (describing testimony from Dr. Ophoven and Dr. Van Ee that contradicted Dr. Snell's testimony). Further, "surrebuttal is typically thought appropriate only when new matters are raised in the rebuttal testimony." *United States v. Purkey*, 428 F.3d 738, 759 (8th Cir. 2005). As noted by the magistrate judge, "[t]he record reflects that Dr. Ophoven's direct examination already covered [how to distinguish major impacts from non-related impacts]." Docket 26 at 35. Because defense counsel elicited testimony from Dr. Ophoven on direct examination that directly addressed the issues raised by Dr. Snell on rebuttal, defense counsel did not provide ineffective assistance and Ally's right to confront witnesses against him was not violated.

## CERTIFICATE OF APPEALABILITY

To appeal the denial of a § 2254 motion, a petitioner must first seek a certificate of appealability from the district court. *See* 28 U.S.C. § 2253(c). The certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet the substantial showing requirement, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, "[a] substantial showing is a showing that issues

5

are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Ally has not made a substantial showing that his claims are debatable among reasonable jurists, that a court could resolve his claims differently, or that any of the issues raised in his claims deserve further proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

The court accepts the findings and recommendation of Magistrate Judge Duffy in full. Thus, it is

ORDERED that Magistrate Judge Duffy's report and recommendation (Docket 26) is adopted in full as supplemented by this order. It is

FURTHER ORDERED that Ally's objections to the report and recommendation (Docket 27) are overruled. It is

FURTHER ORDERED that respondent's motion to dismiss (Docket 18) is granted and that Ally's motion to vacate, set aside, or correct sentence (Docket 1) is denied with prejudice. It is

FURHTER ORDERED that a certificate of appealability is denied. It is

FURTHER ORDERED that Ally's motion to compel (Docket 11) is denied.

Dated March 10, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6